FILED

LODGED

Vincent W. Davis. Esq.   (SBN 125399)
Danielle K. Little, Esq.   (SBN 239784)
Law Offices of Vincent W. Davis & Associates
150 N. Santa Anita Avenue, #200
Arcadia, CA 91006
TEL:  (626) 446-6442
FAX:  (626) 446-6454
Email: d.little@vincentwdavis.com; v.davis@vincentwdavis.com

2010 JUN -4  AM 10: 54

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES

BY _____

Attorneys for Plaintiffs A.R. and S.R.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| A.R. and S.R. by and through their Guardian Ad Litem Elizabeth Rodriguez | Case No.: CV10-3528 DDP(MANx |
|---|---|
| Plaintiffs, | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF BASED ON: |
| vs. | 1) Civil Rights 42 U.S.C. § 1983; 2) Conspiracy 42 U.S.C. §1985 (3) 3) Right to Familial Association (First & Fourteenth Amendment 4) Right to Counsel (Sixth Amendment) |
| County Of San Bernardino, Hesperia Unified School District, Rodd Hopps, San Bernardino County Sheriff (official capacity), Gary Penrod, San Bernardino Sheriff (official capacity), Hesperia Unified School District Chief of Police (official capacity); San Bernardino County Deputy Sheriff Joseph Neccochea (official and individual capacity), San Bernardino County Deputy Sheriff G. Jioboda (official and individual capacity), San Bernardino County Deputy Sheriff S. Lafond, (official and individual capacity), San Bernardino County Deputy Sheriff D. Booker (official and individual capacity), Hesperia Unified School District Officer Mike Graham (official and individual capacity); Hesperia Unified School District Officer William Holland (official and individual capacity), And Does 1 Through 10, | DEMAND FOR JURY TRIAL |
| Defendants. | |

FEDERAL COMPLAINT

1

## I.   PREFATORY

1.      This is an action for damages and injunctive relief for personal injuries suffered by the Plaintiffs s as a result of, *inter alia*, the wrongful denial of due process and other constitutional and statutory rights under federal and state law.

## II.   JURISDICTION AND VENUE

2.      Plaintiffs s' actions are authorized by 42 U.S.C. § 1983, which provides for redress for the deprivation under color of state law of rights secured by the Constitution and the laws of the United States.  This court has jurisdiction over the subject matter of this action pursuant to Title 28, United States Code,§§1331, 1332, and 1343(3), providing for jurisdiction in this Court of suits authorized by 42 U.S.C. § 1983 to redress the deprivation under color of state law of any right, privilege, or immunity secured by the Constitution of the United States, and by 28 U.S.C § 1343(4), providing for protection of civil rights.

3.      Federal supplemental jurisdiction over state law claims is conferred by 28 U.S.C. 1367.

4.      This Court has authority to provide declaratory and injunctive relief in this case pursuant to 28 U.SC. §§ 2201 and 2202.

5.      Venue is proper in the Central District of California in that the wrongs alleged herein occurred within this judicial district.

6.      Further, Plaintiffs are informed and believe and on that basis allege that each of the named Defendants resides or is located in this judicial district.

//

//

//

//

FEDERAL COMPLAINT

### III.   PARTIES

7.     Plaintiff A.R. is a minor and at all times relevant was a resident of the County of San Bernardino , California.

8.     Plaintiff S.R. is a minor and at all times relevant was a resident of the County of San Bernardino , California.

9.     Plaintiffs are informed and believes, and based thereon alleges, that at all times relevant hereto, Defendant County of San Bernardino, is a public entity existing pursuant to the laws of the State of California.  Defendant, County of San Bernardino is and at all times herein mentioned was, a legal subdivision of the State of California, under California Constitution, Article 11, Section 1(a), and Government Code § 23012, and is a "public entity," as that term is defined in Government Code § 811.2. San Bernardino County operates the San Bernardino County Sheriff, the San Bernardino County Public Defender.  Defendant County of San Bernardino is responsible for the acts of its employees committed during the course and scope of their employment pursuant to Government Code Section 815.2.

10.     In addition, Defendant County of San Bernardino provided law enforcement, criminal investigation and other criminal law services for the City of Hesperia.

11.     Defendant, San Bernardino Sheriff, is an agency, department and/or unit of San Bernardino County designated to among other things, provide law enforcement for crimes occurring within its jurisdiction.  At all times relevant herein, and for all purposes connected with the implementation of the Sheriff's maintained policies and practices concerning, law enforcement and criminal investigations and juvenile civil rights, the Sheriff delegated its final policy-making authority to Defendants mentioned herein.

//

//

12.     Defendant Hesperia Unified School District ("HUSD" or "District") is a public school district and a political subdivision of the State of California and was at all times mentioned herein the recipient of certain federal funds because it operates public programs for students and the District had at all times mentioned herein the responsibility of providing school children full and equal access to the public educational programs and activities offered in its district in compliance with the requirements of state and federal law. Defendant District's responsibilities include administering the state system of public education. Furthermore, HUSD is responsible to ensure that students and their private information is not needlessly divulged to third parties.  Moreover, the District was and continues to be at all times mentioned herein responsible for the training, supervision, discipline and monitoring of its police force.

13.     Rodd Hopps, is the Sheriff of the County of San Bernardino.  He is being sued in his official capacity.  In doing the things alleged to have been done as well as the omissions stated herein, Hopps acted under color of state law, within the course and scope of his employment, and/or as an official policy maker for the Sheriff.

14.     Gary Penrod, is the Sheriff of the County of San Bernardino.  He is being sued in his official capacity.  In doing the things alleged to have been done as well as the omissions stated herein, Penrod acted under color of state law, within the course and scope of his employment, and/or as an official policy maker for the Sheriff.

15.     Defendant Joseph Necoochea, Badge number 735 is a San Bernardino County Deputy Sheriff.  He is being sued in his official and individual capacity.  In doing the things alleged to have been done as well as the omissions stated herein, Necoochea acted under color of state law, within the course and scope of his employment, and/or as an official policy maker for the Sheriff.

FEDERAL COMPLAINT

4

16.     G. Jioboda, Badge number S3558 is a San Bernardino County Deputy Sheriff.  He is being sued in his official and individual capacity.  In doing the things alleged to have been done as well as the omissions stated herein, Jiboda acted under color of state law, within the course and scope of his employment, and/or as an official policy maker for the Sheriff.

17.     S. Lafond, Badge number D4301 is a San Bernardino County Deputy Sheriff.  He is being sued in his official and individual capacity.  In doing the things alleged to have been done as well as the omissions stated herein, Lafond acted under color of state law, within the course and scope of his employment, and/or as an official policy maker for the Sheriff.

18.     D. Booker, Badge number D8271 is a San Bernardino County Deputy Sheriff.  He is being sued in his official and individual capacity.  In doing the things alleged to have been done as well as the omissions stated herein, Booker acted under color of state law, within the course and scope of his employment, and/or as an official policy maker for the Sheriff.

19.     Hesperia Unified School District Officer Mike Graham is being sued in his official and individual capacity.  In doing the things alleged to have been done as well as the omissions stated herein, Graham acted under color of state law, within the course and scope of his employment, and/or as an official policy maker for the Hesperia Unified School District.

20.     Hesperia Unified School District Officer William Holland is being sued in his official and individual capacity.  In doing the things alleged to have been done as well as the omissions stated herein, Holland acted under color of state law, within the course and scope of his employment, and/or as an official policy maker for the Hesperia Unified School District.

//

//

//

FEDERAL COMPLAINT

5

21.     Plaintiffs are ignorant of the true names and capacities of the Defendants s sued herein as DOES 1-10, inclusive, and therefore sue said Defendants s under the aforesaid fictitious names.  Plaintiffs will amend this Complaint upon the ascertaining of the true names and capacities of the Defendants so sued.    Plaintiffs  is informed and believes and thereon alleges that each of these fictitiously named Defendants s is responsible in some manner for the occurrences herein alleged, and that Plaintiffs' injuries as herein alleged were proximately caused by the aforementioned Defendants.

22.     Plaintiffs allege that at all times herein mentioned each of the Defendants were the agent and employees of each of the remaining Defendants and in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

23.     On or about the morning of July 9, 2008 at approximately 7:00AM Defendants executed a search warrant for the premises located at 8749 Bridgeport Avenue, Hesperia, California.  Said location is the residence of Plaintiffs and their family.  Plaintiffs at that time were still asleep because school was out for summer at that time and Plaintiffs were and are minors.  Plaintiffs' parents were not home at the time of the incidents described herein.

24.     The search warrant in this matter set forth the items which were allegedly stolen and/or used as a means to commit a felony.

25.     Plaintiffs were awakened and rousted from their beds when Defendants and all of them made entry into their home by physically breaking down the front door of the residence.  Plaintiffs were startled confused, and terrified as to what was occurring.  During the entire time Defendants were inside of their residence, Plaintiffs complied with all requests made of them by Defendants.

FEDERAL COMPLAINT

6

26.    A.R., was assaulted and battered by two Deputy Sheriffs as a result of the manner in which Defendants executed this search warrant. A.R. was violently awakened out of his sleep by Defendants breaking down the door to his home. Defendants forcefully entered A.R's, room causing him to be afraid and jump from his bed. When Defendants entered his room, one Deputy immediately handcuffed A.R.  While handcuffed, another Deputy forcefully assaulted and battered A.R. by elbowing him in the head.  A.R. presented no physical threat or resistance to the Deputies and complied with all requests made of him by Defendants.

27.    Plaintiff, S.R., A.R.'s little sister, was nine years old at the time of this incident. S.R. was rousted from her slumber by the loud, illegal and excessively physical entrance of Defendants into their home Deputy Sheriffs, whose identity is unknown to Plaintiffs at this time. Defendants with deadly weapons drawn and pointed at S.R. at point blank range, ordered S.R. to her knees by pointing a shot gun in her face.  Nine year old S.R. presented no threat, resistance or harm to Sheriff's Deputies, yet was threatened and terrorized by Defendants in this unlawful execution of the search warrant and excessive use of force in pointing a shot gun in her face.

28.    During the entire time Defendants searched the premises, nine year old S.R. was made to kneel on the floor with her hands behind her head, and was guarded the entire time by Defendants with their deadly weapons drawn and pointed in her direction.

29.    Plaintiff, A.R. was handcuffed the entire time during the execution of this deficient warrant.

30.    Defendants ransacked and searched the property and not one of the items listed in the search warrant were found to be in the premises or in the presence of those residing therein.

//

//

FEDERAL COMPLAINT

31.     Notwithstanding the fact that Defendants, including Deputies Neccochea, LaFond, Booker and Jiboda and other San Bernardino County Sheriff's Deputies found absolutely no evidence of any violation of law by either A.R. or S.R. or any evidence of contraband or fruits of crime, or any evidence enumerated in the search warrant.  Defendants unlawfully handcuffed and restrained A.R and placed him into their physical and custodial detention without informing him of any charges against him and transported him to the San Bernardino County Sheriff's sub-station in Hesperia, California.

32.     At no point during this custodial detention was Plaintiff given his Miranda warnings as A.R. was finally given his Miranda warnings only after arrival at the Sheriff's sub-station.

33.     Subsequently, A.R., was transported to a juvenile detention facility. Plaintiff, Armando Rodriguez, was unlawfully detained and held in this facility for a two week period before being afforded the Due Process of an arraignment.  After being in custody at the juvenile center for 30 days A.R, was released and informed that he was not the person whom Defendants thought had committed the offenses underlying the search warrant and their detention of him.

34.     A.R. is informed and believes that, Defendants, Deputies Neccochea, LaFond, Booker and Jiboda and those unknown Deputies to Plaintiffs, without probable cause or legal justification, agreed to and did maliciously charge Armando Rodriguez, with the following offenses: Robbery and felony carjacking.

35.     As a result of Defendants' malicious charges against Plaintiff, A.R. was incarcerated without cause or legal justification by San Bernardino County Sheriff's Deputies for thirty (30) days.

36.     Upon information and belief, Plaintiff A.R. was not afforded an attorney during his detention.

FEDERAL COMPLAINT

8

37.     Upon information and reasoned belief the alleged victim was an elderly white female and did not identify A.R. as the person who had car-jacked her and/or was mistaken in her identification of A.R. as her alleged attacker.

38.     Upon information and belief cross racial identification is known to be unreliable especially in cases where as here, there is an elderly white female attempting and in fact identifying persons of a different race, national origin and or ethnicity.

39.     Upon information and reasoned belief, the alleged victim was an elderly white female who provided vague descriptions of her alleged car-jackers as Hispanic males.

40.     Hesperia Unified School District Officers Holland and Graham improperly participated in the San Bernardino County Sheriff's investigation into the alleged crime at issue in this matter.

41.     Hesperia Unified School District Officers Holland and Graham first and foremost as employees of HUSD had a duty to ensure the rights of HUSD stakeholders including Plaintiffs were at all times protected before interjecting themselves and working on behalf of an elderly white female, even one alleging that she was the victim of a crime, who was in no way a stakeholder of HUSD.

42.     Hesperia Unified School District failed to train, supervise and instruct its peace officers that they have and continue to have a duty to ensure the rights of HUSD stakeholders including Plaintiffs are at all times protected before interjecting themselves and working on behalf of an elderly white female, even one alleging that she was the victim of a crime, who was in no way a stakeholder of HUSD.

43.     Hesperia Unified School District failed to train, supervise and instruct its peace officers that it is a fundamental violation of basic civil rights to violate the privacy and other statutory and constitutional rights of its Hispanic male students.

//

44.     Hesperia Unified School District Officers Holland and Graham improperly and unlawfully violated the state and federal privacy rights of Hispanic male students in the District by "rounding up" information about such students and providing same to the San Bernardino County Sheriff as likely criminals and in so doing violated the civil rights of Hispanic male students.

45.     Hesperia Unified School District Officers Holland and Graham improperly and unlawfully violated the state and federal privacy rights of A.R. a, Hispanic male students in the District by "rounding up" his private information and providing same to the San Bernardino County Sheriff as a likely criminal and in so doing violated his civil rights due to his race and other protected categories.

46.     By means of their unlawful detention of A.R., and the malicious charges they placed against him, Defendants Deputies Neccochea, LaFond, Booker and Jiboda and those other known and unknown San Bernardino County Sheriff's Deputies involved in this incident, intentionally, or with deliberate indifference and callous disregard of Plaintiffs' rights, deprived A.R., of his right to be free of unreasonable searches and seizures, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983 in the denial of A.R.'s, freedom of liberty, Due Process and procedural Due Process.

47.     By means of their unlawful detention of S.R., Defendants Deputies Neccochea, LaFond, Booker and Jiboda, and those known and unknown San Bernardino County Sheriff's Deputies involved in this incident, intentionally, or with deliberate indifference and callous disregard of Plaintiffs' rights, deprived S.R., of her right to be free of unreasonable searches and seizures, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983 in the denial of S.R.'s, freedom of liberty, Due Process and procedural Due Process.

//

//

FEDERAL COMPLAINT

48.     By means of their unlawful detention of A.R., and the malicious charges they placed against him, Defendants Hesperia Unified School District, and those other unknown school district Officers, including Officer William Holland involved in this incident, intentionally, or with deliberate indifference and callous disregard of Plaintiffs' rights, deprived A.R., of his right to be free of unreasonable searches and seizures, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983 in the denial of A.R.'s, freedom of liberty, Due Process and procedural Due Process.

49.     By means of their unlawful detention of S.R., and the malicious charges they placed against him, Defendants Hesperia Unified School District, and those other unknown school district Officers, including Officer William Holland involved in this incident, intentionally, or with deliberate indifference and callous disregard of Plaintiffs' rights, deprived S.R., of her right to be free of unreasonable searches and seizures, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983 in the denial of S.R.'s, freedom of liberty, Due Process and procedural Due Process.

50.     The actions of Defendants and Doe Defendants 1 through 10 on July 9, 2008 denied Plaintiffs their Fourth and Fourteenth Amendment rights as guaranteed by the Constitution of the United States. Defendants, San Bernardino County Sheriff's Department Deputies Neccochea, LaFond, Booker and Jiboda and Doe Defendants 1 through 10 while acting in their capacity as Sheriff's Deputies for the County of San Bernardino, deprived Plaintiffs of rights including but not limited to: liberty and the freedom from unreasonable search and seizure without Due Process of law; thereby depriving Plaintiffs of their rights, immunities and privileges as guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States.

51.    Defendants conduct in this case was done with malice, oppression and fraud, amounting to despicable conduct towards Plaintiffs with conscious disregard and deliberate indifference to his health and safety.

52.    As a direct of the Defendants actions Plaintiffs suffered injuries and damages in an amount excess of this jurisdiction of this court including but not limited to; violations of his Constitutional right under the Fourteenth Amendments, loss of his physical liberty, physical pain and suffering and emotional trauma.

## FIRST CAUSE OF ACTION
### *Violation of Civil Rights 42 U.S.C. § 1983*

53.    Plaintiffs hereby incorporates and re-alleges each of the allegations contained in above as though fully set forth herein.

54.    This is an action for violation of Plaintiffs' civil rights guaranteed under the Constitution of the United States of America.  This action is brought pursuant to the authority of 42 United States Code Section 1983. With regard to the Plaintiffs' 42 U.S.C. 1983 action each of the named individual Defendants and Does 1-10 are being sued in their individual capacity.

55.    As a proximate result of the Defendants' unlawful, wrongful, malicious, and willful acts, as alleged above, Plaintiffs were injured, and harmed in that Plaintiffs suffered humiliation, shocked, mental anguish, and emotional and physical distress, and has been injured in mind and body, all according to proof.

56.    This cause of action is to redress the deprivation, under color of statute, ordinance, regulation, policy, custom practice or usage of a right, privilege, and immunity secured to Plaintiffs  by, *inter alia,* the First, Fourth, Sixth and Fourteenth Amendments to the United States Constitution, Family Educational Rights and Privacy Act, and state law including *inter alia*, California Education Code §§ 49073-49079.

57.     All of the conduct of the Defendants' was malicious and oppressive and done with the intent to cause Plaintiffs to suffer emotional distress. Defendants' conduct was done with knowing, willful, malicious, and reckless disregard for Plaintiffs' protected rights.

58.     Plaintiffs have a liberty interest in being free from abusive governmental action and to be accorded procedural and substantive due process of law.  Plaintiffs have a property interest in recovering for his injury and damages sustained to his person and the violation of his constitutional rights.  Plaintiffs also have a liberty interest in maintaining his personal integrity, dignity, reputation and honor.  All of these rights and privileges secured to Plaintiffs  by the provisions of the First Amendment, Fourth Amendment, and the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution, and by 42 United States Code Section 1983.  All of these interests were implicated by the wrongful conduct of the Defendants which legally caused injury and damages to Plaintiffs.

59.     Defendants acted in concert, and outside the scope of their jurisdiction and without legal authorization.  Each of the Defendants separately and in concert, acted willfully, intentionally, knowingly, and / or with reckless disregard and callous indifference to deprive the Plaintiffs of their rights and privileges, and did in fact violate the rights and privileges.  Accordingly, Plaintiffs are entitled to punitive and exemplary damages against all Does 1-20 Defendants, except the County of San Bernardino and Hesperia Unified School District, in an amount to be determined according to proof at trial.

60.     Defendants are responsible for its employees conduct, pursuant to Government Code Section 815.2 and <u>Monell v. Department of Social Services</u>, 436 U.S. 658, because of their failure to property train, supervise, and discipline their employees.  Additionally Defendants  County of San Bernardino  is liable under California Government Code Section 815.2.

61.    "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall `deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).

62.    Discrimination based on a protected class is therefore unlawful.

63.    Minors such as Plaintiffs are a protected class under both California state law and/or federal law.

64.    Hispanic citizens such as Plaintiffs are a protected class under both California state law and/or federal law.

65.    Hispanic males such as Plaintiff A.R. are a protected class under both California state law and/or federal law.

66.    Given the fact that there are thousands of juveniles come into contact with the criminal justice system each year, Defendants' failure to provide for sufficient training regarding their rights or to implement other procedures to safeguard the rights of juveniles amounts to deliberate indifference to these persons' rights and denies such persons equal protection of the laws.

67.    Additionally, California has express statutes and laws that protect the rights of students within its schools, including, but not limited to California Education Code §§ 49073-49079.  Also, the California Constitution includes a guarantee that "all students and staff of public primary, elementary, junior high and senior high schools have the inalienable right to attend campuses which are safe, secure, and peaceful." Cal. Const. Art. I § 28(c).

68.    The actions of Hesperia Unified School District and its employees totally abridged these state statutory and constitutional rights and were outrageous. The District's police force is not an agent of San Bernardino County Sheriff, but of the District stakeholders which Plaintiffs are.

69.    "Liberty is protected from unlawful state deprivation by the due process clause of the Fourteenth Amendment." Haygoodv. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc). Moreover, "[t]he Supreme Court has recognized that an individual has a liberty interest in being free from incarceration absent a criminal conviction." Oviatt, 954 F.2d at 1474. As the Court explained: [D]epending on what procedures the State affords Defendants s following arrest and prior to actual trial, mere detention pursuant to a valid warrant but in the face of repeated protests of innocence will after the lapse of a certain amount of time deprive the accused of "liberty . . . without due process of law." Baker, 443 U.S. at 145.  Further, a detainee has "a constitutional right to be free from continued detention after it was or should have been known that the detainee was entitled to release. " Cannon v. Macon County, 1 F.3d 1558, 1563 (11th Cir. 1993).

70.    Here, Defendants recklessly and with deliberate indifference to Plaintiffs' right to due process violated state and federal law.

71.    The County of San Bernardino and Hesperia Unified School District maintained, fostered and condoned an official policy, practice or custom of failing to properly train and supervise its employees, including but not limited to employees named herein, with respect to the proper and lawful procedures for handling the arrest, detention, identification, prosecution and defense of persons, including minors such as Plaintiffs, and of failing to promulgate proper policies and procedures regarding the arrest, detention, identification, prosecution and defense of persons, including minors such as Plaintiffs, and that this official custom, policy or practice constituted deliberate indifference to the constitutional and statutory rights of persons, such as Plaintiffs and  was a direct and proximate cause of Plaintiffs' damages.

//

//

//

FEDERAL COMPLAINT

72.     Because of the risk that persons -- especially juveniles who are and may at times be incapable of taking care of themselves and forcefully advocating on their own behalf -- will be improperly denied their legal rights as guaranteed by California state and federal law, the need for training and procedures to guard against such risks is obvious.  However, despite this obvious risk, the County of San Bernardino and Hesperia Unified School District chose to ignore the problem, and to actively participate in the exacerbation of same by routinely sending untrained staff to abuse, terrorize and otherwise mistreat vulnerable minors in the sanctity of said minors' homes, according them a second tiered system of justice as described herein, thereby displaying an official custom, policy or practice which was and remains deliberately indifferent to the rights of juveniles and the general public who were likely to come into contact with the criminal justice system.

73.     The conduct of Defendants and their employees violated Plaintiffs' rights under the following: the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United Stated States Constitution; Family Educational Rights and Privacy Act, California Constitution, Article 1, §§  1, 7, 13, 14, and 24, California state law, including *inter alia*, California Education Code §§ 49073-49079.

74.     Defendants, and all its Departments/Offices and Agencies stated and implicated herein, has and continues to act deliberately, recklessly, intentionally, maliciously, and/or with deliberate indifference and conscious disregard of Plaintiffs' rights.  Further, all acts and/or omissions alleged to have been engaged in by Defendants  is and continues to be engaged in with evil motive and intent, and in callous, reckless, and wanton disregard to the rights of minors, including Plaintiffs.

//
//
//
//

FEDERAL COMPLAINT

## SECOND CAUSE OF ACTION

### *Conspiracy 42 U.S.C.  §1985 (3)*

75.    Plaintiffs hereby incorporates the preceding paragraphs as though fully set forth herein.

76.    Defendants individual departments/agencies/offices, which in practical effect operate as wholly separate entities within the County, agreed and conspired with each other and the San Bernardino  Superior Court, Criminal Division, to deprive Plaintiffs of their statutory and constitutional rights guaranteed under, *inter alia,* the First, Sixth, and Fourteenth Amendments to the Constitution of the United States, as well as the equal protection of the laws and/or the equal privileged and immunities under the law. Said conduct was accomplished under the color of law in violation of 42 USC §1985(3).

77.    As a direct and proximate result of the conspiracy and agreement of Defendants s to interfere with Plaintiffs' statutory and constitutionally protected rights, Plaintiffs sustained damages in an amount to be proven at trial.

78.    Plaintiffs are, and at all times herein mentioned were, a member of the class of persons for whose protection said Constitution, laws, and statutes were designed, and said Constitution, laws, and statutes were, at all times herein mentioned, in full force and effect. Defendants' violations of said Constitution, laws, and statutes led to the stated damages and injuries Plaintiffs' sustained as alleged herein.

79.    As a direct and proximate result of the acts of Defendants, and each of them, and their intentional and negligent violation of such laws and statutes, Plaintiffs have incurred and will incur damages as previously alleged. These amounts are not presently known, and Plaintiffs will amend this complaint when they have been fully ascertained.

//

//

**80.**   Defendants 's employees violated Plaintiffs 's rights under the following: the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United Stated States Constitution; Family Educational Rights and Privacy Act, California Constitution, Article 1, Sections 1, 7, 13, 14, and 24 and applicable case law, including *inter alia*, California Education Code §§ 49073-49079

# THIRD CAUSE OF ACTION

### *Right to Familial Association (First and Fourteenth Amendment)*

81.   Plaintiffs hereby incorporates the preceding paragraphs as though fully set forth herein.

82.   It is well established that a parent has a "fundamental liberty interest" in "the companionship and society of his or her child" and that "[t]he state's interference with that liberty interest without due process of law is remediable under [42 U.S.C. S] 1983." Kelson v. City of Springfield, 767 F.2d 651, 654-55 (9th Cir. 1985) (citing Santosky v. Kramer, 455 U.S. 745, 753 (1982)). "[T]his constitutional interest in familial companionship and society logically extends to protect children from unwarranted state interference with their relationships with their parents." Smith v. City of Fontana, 818 F.2d 1411, 1418 (9th Cir. 1987) overruled on other grounds, Hodges v. De La Vina, 199 F.3d 1037 (9th Cir. 1999).

83.   Moreover, "the First Amendment protects those relationships, including family relationships, that presuppose`deep attachments and commitments to the necessarily few other individuals with whom one shares not only a special community of thoughts, experiences, and beliefs but also distinctively personal aspects of one's life.' " Board of Dir. v. Rotary Club, 481 U.S. 537, 545 (1987); see also Conti v. City of Fremont, 919 F.2d 1385, 1388-89 (9th Cir. 1990)

//

//

FEDERAL COMPLAINT

84.    Plaintiff A.R. had his relationship with his family undermined by the unlawful treatment and baseless charges levied against him by Defendants.

85.    The reckless, intentional and deliberate acts and omissions of Defendants  was a direct and legal cause of the deprivation of Plaintiffs' constitutionally protected right under the First and Fourteenth Amendments to the association, companionship and society of a son to his mother.

86.    The reckless, intentional and deliberate acts and omissions of Defendants was a direct and legal cause of the deprivation of Plaintiffs 's' constitutionally protected right under the First and Fourteenth Amendments to the association, companionship and society of a son to his parents.

## **FOURTH CAUSE OF ACTION**
### *Right to Counsel (Sixth Amendment)*

87.    Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

88.    The right to counsel under the Sixth Amendment attaches when adversary criminal proceedings are initiated against an individual "by way of formal charge, preliminary hearing, indictment, information, or arraignment. " United States v. Gouveia, 467 U.S. 180, 188 (1984).

89.    As stated herein, Plaintiff A.R. a minor, was denied the right to counsel at every stage of his criminal proceeding and was detained, upon information and belief, for 30 days without being afforded an attorney until he finally released from Defendants' control and/or custody or not long before said release occurred.

WHEREFORE, Plaintiffs pray judgment against the Defendants s and each of them as follows:

1.  For general damages including pain and suffering and emotional distress, according to proof;

2.  For compensatory damages according to proof;

3.  For special damages according to proof;

4.  For exemplary and punitive damages except against Does 1-10 Defendants, except the municipal defendants, in an amount to be determined according to proof;

5.  For reasonable attorneys fees;

6.  For reasonable attorney's fees pursuant to 42 U.S.C. § 1988, and § 1988 of Title 42 of the United States Code; 42 U.S.C. § 12205; and 29 U.S.C. § 794a; Government Code § 12965 (b); and California Civil Code § 52.1; and California and Federal Statutes as appropriate and according to proof.

7.  For lost income, past and future income, according to proof;

8.  For medical, future medical, rehabilitation, and related expenses, according to proof;

9.  For costs of suit herein incurred; and

10. For such other and further relied as the court deems proper.


Dated:   April 15, 2010            THE LAW OFFICES OF VINCENT W. DAVIS
                                   & ASSOCIATES

                           BY: _____
                                   Vincent W. Davis, Esq.
                                   Danielle K. Little, Esq.
                                   *Attorneys for Plaintiffs  A.R. and S.R.*

# DEMAND FOR JURY TRIAL

PLAINTIFFS hereby respectfully demand a jury trial, as provided by Rule 38(a) of the Federal Rules of Civil Procedure, Rule 38 and Central District of California Local Rule 3.4.10.1.

RESPECTFULLY SUBMITTED,

Date: April 15, 2010

Law Offices of Vincent W. Davis & Associates

BY: _____

Vincent W. Davis, Esq.
Danielle K. Little, Esq.
*Attorneys for Plaintiffs A.R. and S.R.*

FEDERAL COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## CV10- 3528 DDP (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| **[X] Western Division** | **[_] Southern Division** | **[_] Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| A.R. and S.R. by and through their Guardian ad Litem, Elizabeth Rodriguez | County of San Bernardino, et al. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Vincent W. Davis, Esq., SBN 125399 / Danielle K. Little, Esq., SBN 239784<br>Law Offices of Vincent W. Davis & Associates<br>150 N. Santa Anita Ave. #200, Arcadia, CA 91006; Tel: (626)446-6442 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Civil Rights 42 U.S.C. section 1983; Conspiracy 42 U. S. C. 1985 (3); Right to Familial Association (First & Fourteenth Amendment); Right to Counsel (Sixth Amendment

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | IMMIGRATION | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | ☑ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**   Case Number:   **CV10-3528**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                                    CIVIL COVER SHEET                                    Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
  ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino County | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
    **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino County | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date  May 5, 2010

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |